## SUPREME COURT.

### Smith agt. Hart.

No *appeal* can be taken from an order made by a county judge in proceedings supplementary to execution in a *cause originating in a justice's or county court.*

None of the provisions of the Code are applicable to such cases. It is only in actions in the *supreme court*, where such proceedings are had before the county judge, that an appeal is authorized.

*Fourth District, General Term, July,* 1855.

ALLEN, BOCKES, and JAMES, Justices.

MOTION to dismiss an appeal.

The case presents the following facts :—Smith obtained a judgment against Hart before a justice of the peace, filed a

transcript thereof in Fulton county clerk's office, and docketed judgment thereon on the 24th of March, 1855. An execution was issued thereon to the sheriff of Fulton county on the same day. Proceedings were then taken before the county judge, under § 292 of the Code, and on the 26th March he made an order, which, after reciting that Hart had been brought before him, and witnesses examined, and that it appeared Hart had money, which he unjustly refused to apply towards the satisfaction of the judgment, and that there was danger of his leaving the state,

Ordered, the said money to be applied towards the satisfaction of the judgment; and that Hart pay Smith $10 costs of the proceedings. Hart adjusted the matter, and paid Smith $35 in full satisfaction of the judgment and costs of the proceedings, and removed from the state. An appeal was then brought from the order of the county judge.

—— DUDLEY, *for motion.*

D. M'MARTIN, *opposed.*

By the court—BOCKES, Justice. It is obvious, that the appeal in this case is not authorized by chapter 3 of the Code of Procedure, entitled, " Appeals to the Supreme Court from an Inferior Court." That chapter provides only for appeals " from the judgment rendered by a county court, or by the mayor's court, or the recorder's court of cities." (*See Code,* §§ 344, 345, 346, 347.)

This is an appeal from an order, not from a judgment, within the meaning of § 344. In granting the order appealed from, the county judge acted as an officer, not as a court. His authority to act as an officer, as distinguished from proceedings in court, is clearly recognized by law. (*See Judiciary Act,* 1847, § 29, *ch.* 280 ; *also chap.* 470, § 27, *Sess. Laws of* 1847 ; *Code,* §§ 29, 30, 31.)

The appeal in this case must be upheld—if, indeed, it can be—under § 349 or 403 of the Code.

Can any appeal, under § 349, be taken to this court from an

Smith agt. Hart.

order made by a county judge, pursuant to § 292, in a cause in the county court?

Section 349 provides, that an appeal may be taken from an order made by a county judge " in any stage of the action, including proceedings supplementary to the execution," in the five cases therein specified.

The right to appeal in this case, as it regards this action, depends on the construction to be given to the language above quoted. If *the action* alluded to in this section 'contemplates an action in the supreme court only, then the appeal, being from an order in a case in the county court, is unauthorized under § 349.

Section 348 provides for appeals from *judgments* in actions in the supreme court, entered upon the report of a referee, or upon the direction of a single judge of the same court. Of course, this section contemplates appeals in actions in the supreme court only.

Appeals from judgments being thus provided for, § 349 was introduced to secure relief against improvident and erroneous orders *in every stage of the action*. If this language shall be deemed to apply to actions in the county court, then appeals are to be allowed from every interlocutory order in the progress of such cause, falling within either of the five cases specified by § 349, and this, too, before final judgment in the county court. Such a construction would require the supreme court to control the practice and proceedings in actions in the county court, the same in all respects as if in its own court. But it is obvious that § 349 follows up the subject considered, and partly covered by § 348. That section having provided for appeals from judgments, the next provides for appeals from orders; the first by its language being confined to actions in the supreme court, and the second pointing directly to the same class of cases. *The action*, therefore, alluded to in § 349 contemplates an action in the supreme court only.

Nor does the section receive any additional scope from the words, " including proceedings supplementary to the execution," as it regards the question under consideration. Lest th

Smith agt. Hart.

words, "in any stage of the action," should be deemed insuffi-
cient to embrace orders after judgment, which is sometimes re-
garded as determining the action, the phrase "including pro-
ceedings supplementary to execution" were added.

I am brought to the conclusion, therefore, that this appeal,
being from an order in a proceeding in an action in the county
court, is not authorized by § 349 of the Code.

Does the last paragraph of § 403 give the right to appeal in
a case like this under consideration?

That section, too, must be deemed to have reference to ac-
tions in the supreme court only. Clearly, the first clause is
confined to such actions, and the last clause is necessarily
limited in like manner, because it points directly to those or-
ders which it would be appropriate for a judge of the supreme
court to grant; and a judge of the supreme court has no juris-
diction to allow orders in actions or proceedings in the county
court. The remark at the close of the opinion in *Conway* agt.
*Hitchins*, (9 *Barb*. 378, 387,) was not called for, and was evi-
dently made without reflection. The appeal was unauthorized
by § 403.

There is another good reason why the appeal should be dis-
missed. The papers show conclusively, that the subject mat-
ter of the appeal has been settled by the parties. After the
order was granted by the county judge, the parties compromised,
and Hart paid, and Smith received, $35 in full satisfaction of
the claim and costs. The money was not paid upon the order
by coercion, but by compromise.

The appeal is therefore a mere formality, without substance,
and should not occupy the attention of the court or incumber
its records.

The motion to dismiss the appeal must be granted.