# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA,

## JULY TERM, 1864.

---

St. Paul Division No. One Sons of Temperance, Resp'dts,
*vs.* Joseph R. Brown and Jacob W. Bass, Appellants.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

December 14, 1852, Defendant Brown executed to Plaintiff a bond in the penal sum of $2,000, conditioned that if on payment of $800 and interest, at ten per cent. per annum to said Brown, his heirs, executors, administrators or assigns, the said Brown, his heirs, executors, administrators or assigns, should convey the premises in said bond described to the Plaintiff, then the bond to be void. In January, 1853, Brown and wife, by warranty deed, conveyed said premises to Defendant Bass, who took the same with notice of the bond aforesaid. *Held*, That it is as much a matter of course for Courts of Equity to decree a specific performance of a contract for the conveyance of real estate, which is in its nature unobjectionable, as it is for courts of law to give damages for its breach, and the form of the instrument by which the contract appears is wholly unimportant.

After the conveyance to Bass, he became Brown's "assigns," entitled to the purchase money, and bound to convey the premises to the Plaintiff in payment of the sum due.

A tender to Brown of the amount due was not necessary.

21

The allegation of the complaint that Plaintiff tendered Bass $800, with interest at the rate of ten per cent. per annum from the 20th day of December, 1852, until the 1st day of May, 1856, is a sufficient allegation of the amount tendered.

In an action in a court of equity for specific performance, it is sufficient for a Plaintiff to allege that he offered to perform on his part, and that the Defendant refused, &c.

It is not incumbent on the purchaser, in the absence of stipulation, to prepare or tender the deed.

A corporation, created by a statute which requires certain acts to be done before it can be considered *in esse*, must show (and, of course, allege,) such acts to have been done to establish its existence; but when a corporation is declared such by the act of incorporation, this rule does not prevail.

Points and authorities of Appellants.

I.—The instrument in writing contains no covenant or agreement to convey the land in question.

II.—It does not appear that the Plaintiffs have complied with said agreement on their part, and hence they cannot claim a performance thereof.

1. No tender has been made to Brown at all, nor to any person authorized by him to receive said money, whether as assignee or otherwise.

2. A tender is not good unless it is kept good. They should have brought the money into court, and then have signified their readiness as well as their ability to pay it.

3. In pleading a tender, the amount of money actually offered must be stated, so that it can be determined whether the requisite amount is tendered.

4. The Plaintiffs do not allege any tender of a proper deed, and demand of its execution, nor that they have paid, or are ready or are willing, or are able to pay, the expenses of such deed.

III.—There is no sufficient allegation of the corporate existence of Plaintiffs. *Angell & Ames on Corporations, chap. 2, sec. 82, et seq. ; Com. Stat., p.* 605.

Points and authorities of Respondents.

If we consider it as a conditional sale, courts treat the condition of a bond like the one set forth in the complaint, as embrac-

St. Paul Division No. 1, S. of T., v. Brown, et al.

ing the contract between the parties, and will decree a specific performance of the same.  2 *Story's Eq.*, secs. 715 *and* 751 ; 4 *Pick.*, *p.* 1 ; 1 *Gilman*, 454 ; 3 *Cush.*, 561 *and* 566 ; 1 *Gray*, 414 ; 8 *Gray*, 550.

Specific performance will be decreed against the party binding himself, though the agreement is only signed by him.  3 *Johns. Cases* 60 ; 16 *Maine*, 92, 97 ; 7 *Vesey*, 275 ; 4 *Greene*, 350 ; 9 *Vesey*, 351 ; 3 *Greene Ch.*, *(N.J.)* 329 ; 3 *Sandf.*, 272 ; *Equity Leading Cases*, *Part* 2, *vol.* 2, *p.* 36 ; 3 *Cush.*, 224 ; 16 *Wend.*, 460 ; 3 *Cush.*, 228 ; 14 *John.*, 485 ; 6 *Met.*, 346 ; 2 *Hilliard on Vendors*, 189, *note a*, *and* 307; 1 *Edwards*, *Ch. R.* 1.

Specific performance will be decreed against Bass as the assignee or grantee of Brown.  2 *Story Eq.*, *sec* 784 ; 6 *John. Ch. R.*, 398 ; 3 *Green Ch. R. (N. J.)*, 157 ; 1 *Smedes & Marshal, Ch. R.*, 530 ; 13 *Met.*, 355 ; 2 *Parson on Contracts*, 516 *and* 517.

No *tender* of the money by Plaintiff was essential.  An *offer*, or *readiness* to pay the money on Plaintiff's part at the proper time, and demand of performance upon the proper party, is all that is necessary.  8 *Cushing*, 318 ; 1 *Sandf. Ch. R.*, 244 ; 15 15 *Pick.*, 546, 553 ; 25 *Penn.*, 354 ; 2 *Hilliard on Vendors*, 312; 2 *Comstock*, 408, *and* 12 *Ohio*, 363 ; 1 *Sandf. Ch. R.*, 244 : 7 *Paige*, 382.

Bass, as the grantee of Brown, was the proper party from whom to demand the conveyance and offer the money.    1 *Sandf. Ch. R.*, 244.

It was not necessary for Plaintiffs to prepare the deed and present it to Defendants, or either of them, for execution. 1 *McLean*, 395, 404 ; 14 *Peters*, 172 ; 8 *Cush.*, 318 ; 5 *John.*, 179 ; 6 *Barb.*, 373 ; 25 *Penn.*, 354 ; 29 *Barb.*, 509 ; 16 *Maine*, 164 ; 15 *Pick.*, 546 ; 7 *Wend.*, 129 ; 9 *Wend.*, 79 : 2 *Eq. Leading Cases*, *part* 2d, *p.* 17 ; 26 *Penn.*, 178, 180 ; 1 *Clark*, 166 ; 3 *Watts*, 188 ; 6 *Watts*, 405 ; 1 *Hilliard on Mortgages*, 2d ed., *p.* 18 ; 5 *Binney*, 499 ; 4 *Mass.*, 444 ; 3 *Blackf.*, 51 ; 22 *Pick.*, 526 ; 6 *Blackf.*, 113 ; 2 *Sumner*, 533 ; 5 *Mass.*, 109 ; 4 *Pick.*, 350 ; 7. *Pick.*, 157 ; 17 *Ohio* 356 ; 7 *John. Ch. R.*, 40 ; 1 *Sandf. Ch. R.*, 56.

In either or any view of the case, if there was anything due to entitle the Plaintiff to a deed of the property, and the amount was *tendered*, as alleged in the complaint, the property was thereby discharged of the lien, and, consequently, the Plaintiff entitled to the deed.   21 *Wend.*, 467 *;* 21 *N. Y. R.*, 343 ; 7 *Minn.*, 175.

When the corporation is *created* by the terms of the act, without first requiring anything to be done by the corporators, the corporation exists from the act itself.   10 *Wend.*, 266; 2 *Douglas (Mich.)* 124.

GEO. L. OTIS and H. R. BIGELOW, Counsel for Appellants.

SMITH & GILMAN, Counsel for Respondents.

*By the Court*—WILSON, J.—Action to compel specific performance of a contract for conveyance of real estate.

The complaint alleges that the Plaintiffs are and were on the 20th day of December, A. D. 1852, a body corporate and politic, duly incorporated by an act of the Minnesota Legislature, approved March 25, 1851, and that by the act of incorporation they were made capable of suing and being sued, acquiring property, &c.

That on the 20th day of December, A. D. 1852, the Defendant, Joseph R. Brown, executed and delivered to the Plaintiffs his bond in writing in the words and figures following :

" Know all men by these presents, that I, Joseph R. Brown, of the county of Dakota and Territory of Minnesota, am held and firmly bound to the St. Paul Division No. 1 Sons of Temperance, in the sum of two thousand dollars, good and lawful money of the United States, to which payment, well and truly to be made, I bind myself, my heirs, executors, administrators, and each and every of them, firmly by these presents ; sealed with my seal, and dated this twentieth day of December A. D. 1852.

" The condition of this obligation is such that whereas the said St. Paul Division No. 1 Sons of Temperance has by deed bearing even date herewith executed by Comfort Barnes, William H.

Tucker, and Joseph R. Brown, trustees of said St. Paul Division No. 1 Sons of Temperance, and duly authorized by said Division so to do, conveyed to the said Joseph R. Brown, his heirs, executors, administrators and assigns, the west half of lot No. ten (10), in block No. twenty-three (23), in the town of St. Paul, according to the plat thereof, as recorded, with the buildings and appurtenances thereunto pertaining, for and in consideration of the payment to the said Division of the sum of eight hundred (800) dollars.

"Now, therefore, if the said Jos. R. Brown, his heirs, executors, administrators, or assigns, shall well and truly reconvey, by a good and sufficient warranty deed, to the said St. Paul Division No. 1 Sons of Temperance the said west half of lot number ten (10), in block No. twenty-three (23), in the town of St. Paul aforesaid, with the buildings and appurtenances thereunto pertaining, upon the payment by said Division, through the trustees or other agent legally authorized thereto, on or before the first day of May, A. D. 1853, or on any first day of May until the first day of May, A. D. 1858, to the said Joseph R. Brown, his heirs, executors, administrators or assigns, of the sum of eight hundred (800) dollars, with interest, at the rate of ten per cent. per annum, from the date hereof until the date of the payment as hereinbefore provided, and if said Joseph R. Brown shall allow the said Division the use of the upper hall of the building on lot number ten, in block number twenty-three for the meetings of said Division, or shall provide another room acceptable to the Division for the meetings of said Division aforesaid, free from charge to said Division until the first day of May, A. D. 1853, or until the payment aforesaid shall have been made as before provided, then this obligation to be void, otherwise to remain in full force, virtue and effect.

(Signed)                    JOSEPH R. BROWN. [L.S.]

Executed in the presence of BEN W. BRUNSON, C. P. V. LULL."

The complaint further alleges that said bond was recorded on the 8th day of January, A. D. 1853, and that on the 10th day of May, A. D. 1853, Defendant Brown and his wife conveyed the said premises to Defendant Bass by warranty deed, which was

duly recorded, &c.; that the said Bass, at the time of said convey-
ance to him, and previous thereto, had full knowledge of the exist-
ence of the aforesaid bond, and that it was recorded, outstanding,
and in full force and effect.

That on the first day of May, A. D. 1856, the Plaintiffs tendered
and offered to pay to the Defendant, Bass, $800, with interest at
the rate of ten per cent. per annum from the 20th day of Decem-
ber, 1852, until the first day of May, A. D. 1856, pursuant to the
terms of said bond, and demanded of him a "reconveyance" of
said premises.   That Bass refused to receive the money or make
the conveyance.

That the payment by Brown to the Plaintiff of $800, as stated
in said bond, was a mere loan, and the conveyance of said pre-
mises (which then belonged to the Plaintiff) to Brown, as recited
in said bond, was only by way of security for the repayment of
said sum and interest—of all which Defendant Bass had full
knowledge at the time said premises were conveyed to him.   That
Bass has collected rents and profits of said premises amounting to
$1,200.

A demurrer was filed to the complaint, and several grounds
thereof specified.   It is urged that the bond above set forth con-
tains no covenants or agreement to convey; that it is merely an
obligation for the payment of money, and that the presumption
from such an instrument is that a full and adequate remedy there-
on can be had *at law*.

It is true that in an action at law, on the letter of the contract,
only pecuniary damages for its breach could be recovered, but
Courts of Equity, looking at the primary object of the parties and
the *spirit* of the contract, enforce its performance in accordance
with such spirit and object.   It is as much a matter of course for
Courts of Equity to decree a specific performance of a contract
for the conveyance of real estate, which is in its nature unobjec-
tionable, as it is for Courts of Law to give damages for its breach,
and the form of the instrument by which the contract appears is
wholly unimportant.

A compensation in damages for the breach of such contracts is

not regarded adequate relief. *Story's Eq.*, secs. 715, 751; *Chilliner vs. Chilliner*, 2 *Ves. sr.*, 528; *Western R.R. Co. vs. Babcock*, 6 *Met.*, 346; *Foss vs. Hayner*, 31 *Maine*, 87; *Clason vs. Bailey*, 14 *John.*, 484.

Another ground of objection is that the Plaintiffs have not alleged a compliance with said agreement on their part, and therefore cannot insist on its performance by the Defendants, because (1) a tender to Brown is not alleged; (2) it is not alleged that the tender to Bass was kept good; (3) the precise amount of money tendered is not stated; (4) they do not allege a tender of a deed and demand for its execution.

In the argument of this point the counsel of the Defendants insisted that a tender should have been made to and a deed demanded of Brown and not Bass. If a tender should be made to Brown it need not be made to Bass, and *vice versa*, and if Brown is the proper person to make the deed Bass is not, and *vice versa*.

The respective rights and duties of these parties may therefore well be considered together. It is not claimed that Bass would be liable in a suit for damages on the bond. But this being a proceeding in *respect to the estate*—a proceeding *in rem* rather than *in personam*, a different reason and different rule govern. In equity, "articles" for the purchase of lands are looked on as equal to a conveyance, (*Davie vs. Beardsham*, 1 *Ch. Cases*, 39; *Potter vs. Sanders*, 6 *Hare*, 1;) and after the contract the vendor becomes in equity the trustee for the vendee. *Ten Eick vs. Simpson*, 1 *Sand. Ch.*, 246; *Mackreth vs. Symmons*, 15 *Ves.*, 350; *Green vs. Smith*, 1 *Atkins*, 572; *Champion vs. Brown*, 6 *John. Ch.*, 403.

Brown, therefore, after the making of said bond was a mere trustee, holding the lands for the Plaintiffs, and having a lien thereon for the purchase money. It is too plain for argument that in payment of the sum due he would, by a Court of Equity, have been compelled to execute said trust. By his warranty deed he conveyed said lands, with all his rights to and interest in the same, either in Law or Equity, to Bass, who thereby and there-

upon became vested with all the rights that Brown had, and Bass having taken with notice could of course stand in no better position than his grantor. The rule that affects him is just as plain as that which would entitle the Plaintiffs to a specific performance against Brown—he, being a purchaser with notice, is liable to the same equity, stands in his place, and is bound to do that which the person he represents would be bound to do. He thus became trustee of the Plaintiffs instead of Brown. *Story's Eq.,* sec. 784; *Potter vs. Sanders,* 6 *Hare,* 1; *Foss vs. Hayner,* 31 *Maine,* 89; *Daniels vs. Davison,* 17 *Ves.,* 433; *Taylor vs. Stibber* , 2 *Ves. Jr.,* 439, and cases cited last above.

Bass being the person to convey was clearly entitled to the money due. The deed from Brown made Bass his " assigns"— his " assigns" as well for the purpose of receiving the purchase money as of " reconveying" the land—and the lien for the purchase money passed to him with the burden of the trust. *Ten Eick vs. Simpson,* and other cases above cited.

On a demurrer to the complaint the court will not indulge in any speculations as to what *may* have been the private agreement or understanding between Brown and Bass.

If any such existed that would raise any equities in this case, or in any way modify their rights or duties, it was incumbent on them to plead it.

When acts to be done by the Plaintiff and Defendant are mutual and concurrent, an allegation in the complaint that the Plaintiff offered to perform on his part, and that the Defendant refused, &c., is perhaps sufficient in a court of law. *Finney vs. Ashley,* 15 *Pick.,* 546–552; *Rawson vs. Johnson,* 1 *East.,* 203. But however this may be it is certainly sufficient in an action in a Court of Equity to enforce specific performance. *Ten Eick vs Simpson, above; Parker vs. Perkins,* 8 *Cush.,* 318; *Stevenson vs. Maxwell,* 2 *Conn.,* 415.

The objection that the precise sum tendered is not alleged, is answered by that very common maxim of the law " *Id certum est quod certum reddi potest.*"

It has been and perhaps still is in England the rule, in the

absence of stipulation, that the purchaser must prepare and tender the conveyance. This is not in accordance with the agreement of the parties, nor is it the law in the United States. *Longworth vs. Taylor*, 1 *McLean*, 395; 14 *Peters*, 172; *Wells vs. Smith*, 2 *Edwards' Ch.*, 79; *Parker vs. Perkins*, 8 *Cush.*, 318; *Hill vs. Hobart*, 16 *Maine*, 164; *Finney vs. Ashley*, 15 *Pick.*, 546.

Another ground of demurrer is that there is no sufficient allegation of the corporate existence of the Plaintiffs—that their acceptance of the charter is not alleged.

A corporation created by a statute which requires certain acts to be done before it can be considered *in esse* must show (and of course allege) such acts to have been done to establish its existence; but when, as in this case, a corporation is declared such by the act of incorporation, this rule does not prevail, and no such allegation is necessary. *Fire Dept. vs. Kipp*, 10 *Wend.*, 226; *Angell & Ames on Corp. sec.* 83; *Bronwer vs. Appleby*, 1 *Sandf. S. C.*, 168.

We have arrived at the above conclusion without reference to the point made in the argument by the Plaintiffs' counsel, that the transaction was in Equity a mortgage, and not a conditional sale. As the decision of this point is not necessary in the decision of the case, and as it was not argued by the counsel for the Defendants, we do not deem it proper to pass upon it here.

The demurrer was properly overruled in any view of the case. The judgment of the court below is therefore affirmed, and cause remanded for further proceedings.