GILMAN CONNOR vs. THE BOARD OF EDUCATION OF THE CITY OF
SAINT ANTHONY.

The fact that a complaint does not ask for the proper relief, or asks for incon-
sistent relief, is not ground of demurrer:

Where the equitable estate to certain premises were transferred from a school
district and vested in the Board of Education of Saint Anthony, and to secure
the property and legal title thereto the said Board contracted to pay the purchase
price of the premises, in pursuance of an agreement entered into between the
owner of the premises and such school district, it was not a purchase within the
meaning of *section 9* of the act incorporating the Board of Education, and the
contract is valid.

This action was commenced in the District Court for Hennepin
County. The allegations of the complaint are substantially as
follows: That the defendant is a corporation organized and acting
under an act entitled "An act for the support and better regula-
tion of common schools in the City of St. Anthony," approved
February 20, 1860; that in the month of June, 1858, the trustees
of school district number 3 of St. Anthony, (which district was
then duly organized, &c.,) bargained with plaintiff for a certain
lot of land, lying within the limits of said district, for a site for a
school house, and agreed to purchase the same of plaintiff for the

sum of $500, to be paid in six months; that plaintiff executed to said trustees a bond for a deed of said lot upon the payment of said sum when due; that thereafter, and before said sum of money became due said trustees built a school house for said district on said lot; that by the provisions of an act of the Legislature of the State of Minnesota, entitled "An act to amend an act entitled an act to incorporate the City of St. Anthony, approved March 3, 1855," approved March 10, 1860, said lot became a part of the city of St. Anthony, and ever since has so remained; that said trustees never paid any part of said $500, and plaintiff never executed to them a deed of said lot; that on the 14th day of June, 1861, plaintiff executed a warrantee deed of said lot to defendant solely upon the consideration of the execution by defendant to plaintiff of a certain agreement set out in said complaint, which is as follows:    That the defendant covenants and agrees with plaintiff, in consideration of said deed, "which deed was made out and executed by said Connor in pursuance of a bond made by said Connor for the conveyance of said real estate (said lot,) to the trustees of school district No. 3, that said board of education shall pay to the said Gilman Connor on the first day of September, A. D. 1861, $50; on the first day of June, 1861, $100; on the first day of September, 1862, $50; on the first day of June, 1863, $100; on the first day of September, 1863, $50; on the first day of June, 1864, $100; on the first day of September, 1864, $50; and said sums shall draw interest at the rate of seven per cent. per annum from this date until paid, said interest to be paid annually.

" St. Anthony, June 14, A. D. 1861."

That said deed was recorded July 3, 1861; that defendant was in possession of said lot before the making of said agreement, and has been ever since; that defendant paid plaintiff September 1st, 1861, $50.75, and has not paid and refuses to pay any further sum. The plaintiff demands judgment for $450 and interest, &c., or in case the Court should hold that the said agreement of the defendant is invalid, *then* the plaintiff demands that the said deed be annulled and set aside, &c., and such other or further relief, &c.

The defendant demurred to the complaint upon the ground—

Connor v. Board of Education of City of St. Anthony.

First—That several causes of action have been improperly united in the said complaint. The complaint mingles and combines a demand upon contract for the payment of money, with a demand for the cancellation of a deed, upon the ground of want of consideration.

Second—The said complaint does not state facts sufficient to constitute a cause of action.

The demurrer was overruled by the Court below, and the defendant appeals from the order overruling the same to this Court.

MERRIMAN & LOCHREN for Appellant.

I.—The plaintiff, in his complaint, improperly unites two causes of action:

First—A demand on contract for the payment of money.

Second—A demand that a deed be cancelled for want of consideration.

The first falls under the second class designated in *sec. 86, page 543, Pub. Stat.*, and the second under neither of the classes. But the causes of action which may be united " must belong to one' only of these classes." *Sub. 7, same section.* The causes of action set forth in the complaint cannot be united in the alternative because repugnant to each other. 1 *Bar. Ch. R.*, 329; *Maxwell vs. Farnham*, 7 *How. P. R.*, 236.

Demurrer is the proper remedy. *Pub. Stat., p.* 540, *sec.* 65, *sub.* 5; *Stannard vs. Mattice*, 7 *How. P. R.*, 4; *Van San. Pl.*, 677, 678, 679.

II.—The plaintiff cannot recover upon the contract. The persons who executed it had no authority to make it on behalf of the defendant. Section 9 of the act incorporating defendant defines the powers and duties of defendant and its officers in respect to the procuring of school houses and sites therefor. The power to make this or any contract in relation thereto, or to create any debt or liability on that account, is not among the powers granted. *See whole act, and especially sec.* 9; *School Dist. vs. Thompson*, 5 *Minn. R.*, 280; *McCulloch vs. Moss*, 5 *Denio*, 567; *Angell*

& Ames on Corp., secs. 23, 24; 2 Kent's Com. pages 278, 279, 299; Hodges vs City of Buffalo, 2 Denio, 110.

III.—The deed cannot be cancelled for want of consideration. It is immaterial whether plaintiff received any consideration or not so long as there was no fraudulent practice on the part of grantee. Chitty on Contracts, p. 5; Centre vs. Billinghurst, 1 Cow., 33; Dow vs. Munsell, 13 John., 430; 1 Par. on Con., 354; Willard's Eq., 304.

Nor can a party to a deed impeach it upon the ground of fraud as to consideration—though otherwise when the fraud relates to the execution. Osterhoul vs. Shoemaker, 3 Hill, 513; Jackson vs. Hills, 8 Cow., 290; Framhot vs. Leach, 5 Cow., 506; Champion vs. White, 5 Cow., 509; Jackson vs. King, 4 Cow., 207; Jackson vs. Gemmy, 16 John., 189; 20 John., 130.

IV.—The plaintiff has no equitable lien for purchase money.

But the agreement is void; and every act or thing therein or thereby evidenced, as done or promised by, for or in behalf of the defendant was unauthorized, and not the act of the defendant. See authorities cited under second point. Hence it nowhere appears that there are any negotiations between the parties, or that any purchase price was agreed upon, or that any bargain and sale was ever consummated. Therefore there can be no lien for purchase money.

V.—The defendant was by law authorized to receive "a gift, grant, donation or devise," (see act of incorporation, Sec. 3,) and hence to receive this deed. The conveyance was voluntary. It is a conveyance executed, and being good in law, is sufficient likewise in equity, (Fonblanque's Eq., 1 Vol., 348; Leading Cases in Eq., 213, White & Tudor,) and having been made with a full knowledge of all the facts, cannot be avoided on the ground of ignorance of the legal consequences which flow from those facts. Willard's Eq., 62, 63; Shotwell vs. Murray, 1 John. Ch. R., 513; Lyons vs. Richman, 2 John. Ch., 51; Storrs vs. Barker, 6 John. Ch., 166; Champion vs. Laytin, Bronson's Opinion, 18 Wend., 417; Clerk vs. Dutcher, 9 Cow., 674; Gilbert vs. Gilbert, 9 Bar., 532; Arthur vs. Arthur, 10 Bar., 10.

VI.—In any event the plaintiff here is not in a position to demand such relief as will in any manner affect the title of defendant to the land described, or defendant's possession thereof, nor to demand that the same be incumbered by a vendor's lien, nor to ask the recision of any deed thereof, nor the performance of any contract in respect thereto; because

First—It does not appear from the complaint that plaintiff ever had any right, title or interest in or to the land, not even a naked possession.

Second—It does appear from the complaint that defendant was in the possession and use of the land prior to the making of the deed by plaintiff, and independently of that or any act of plaintiff. In this aspect of the case plaintiff has no interest in the subject matter, no title to institute the suit, no equity.  *Story's Eq. Pleadings, Secs.* 261, 262, 503 *to* 514.

Bills for specific performance should allege title, (*Equity Draftsman, pages* 74, 75, 79, 83; *Van Santvoord's Precedents,* 66,) so also bills for the cancellation of deeds, &c.  *Equity Draftsman, pages* 220, 226.

D. A. SECOMBE for Respondent.

I.—The complaint sets forth only one cause of action. It contains allegations of fact all of which pertain to the same transaction, or to transactions connected with the same subject of action. 7 *Minn.,* 351; 3 *Sanford's R.,* 668; 6 *How. Pr. R.,* 131; 5 *Id.,* 478; 11 *Id.,* 201; 12 *Id.,* 441; 2 *Kernan,* 341.

II.—The defendant is the legal successor of the old school district, No. 3, and ·as such, without any agreement or contract on its part, is subject to the liability which existed against the said school district No 3, which is set out in the complaint.  *Robbins vs. School District No.* 1, *Anoka County,* 10 *Minn.,* 340.

III.—If, however, the defendant is not so liable, then in order to determine the relations between the plaintiff and defendant as to the lot in question, the deed and the writing made by the defendant at the same time in relation to the same subject, must be

considered together as forming parts of the same transaction and contract; and if the defendant had not the legal capacity to make such a contract the whole transaction was void. 5 *Pick.*, 395; 10 *Id.*, 250; *Id.*, 302; 1 *Johns. Cases*, 91; 3 *Wend.*, 233.

IV.—In any event the land itself is subject to the vendor's lien for the purchase money upon the purchase by the school district No. 3 from the plaintiff. 4 *Kent*, 152; 4 *Minn.*, 72; 6 *Id.*, 450; 43 *Barbour*, *Dubais vs. Hull*.

V.—In construing every contract the intention of the parties thereto must govern, and in this case there is no evidence of an intention on the part of the plaintiff to give the lot in question to the defendant.

VI.—The defendant either as the successor of the old school district, or independently, claiming as grantee of the plaintiff, is estopped to deny the title of the grantor. 1 *Greenl. on Evidence*, Sec. 24.

VII.—It is competent for the Court in this case to grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. 7 *How. Pr. R.*, 423; 4 *Id.*, 308; 3 *Code R.*, 8.

*By the Court*—McMILLAN, J.—The complaint in this case contains but one cause of action. A single state of facts is set up upon which the plaintiff asks for alternative relief.

If the facts stated entitle the respondent to relief the complaint is sufficient; the fact that the plaintiff does not ask for the proper relief, or asks for inconsistent relief, is not ground of demurrer. *Young vs. Edwards*, 11 *How. Pr.*, 203; *McCosker vs. Brady*, 1 *Barb. Ch.*, 341–2; *Emery vs. Pease*, 20 *N. Y.*, 62; *Beale vs. Hayes*, 5 *Sand.*, 640; *Meyer vs. Van Cotlier*, 7 *Ab. Pr. R.*, 222.

The second ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action.

The first point raised by the defendant in support of this objection is that the plaintiff cannot recover upon the contract, because the Board of Education had no authority to make it. The Board of Education of the City of St. Anthony was incorporated

by an act of the Legislature approved February 28th, 1860.

By the ninth section of the act of incorporation it is provided among other things: "That whenever said board shall deem it necessary to purchase or erect a school house or school houses for said district, or to purchase a site or sites for the same, they shall call a meeting of the legal voters in said district, *  *  * and said meeting may determine by a majority vote upon the erection of a school house or school houses, and the purchase of a site or sites therefor," &c.

If the contract in this case is a purchase of a school house or site therefor, within the meaning of this section, the objection is clearly well taken. To determine this it is necessary to advert to the legislation affecting the question. The City of St. Anthony as originally incorporated embraced within its limits, among other territory, section 25, T. 29, R. 24 west. By an act approved March 1, 1856, this section was excluded from the corporate limits, and by an act approved March 10, 1860, it was again embraced within the city.

It appears from the complaint that in June, 1858, school district No. 3 of St. Anthony was a duly organized and acting school district, embracing within its limits the lot mentioned in the complaint. That in that month the plaintiff bargained and sold this lot to said school district, and executed to the district a bond for a deed on the payment of five hundred dollars in six months thereafter, that the district entered into possession and erected a school house thereon, but have never paid any portion of the purchase money. Under these circumstances school district No. 3 acquired the equitable title to the premises, and upon the payment of the purchase money would be entitled to a conveyance of the legal estate, and a court of equity would regard the bond as an agreement to convey, and would compel the specific performance of the agreement. *St. Paul Div. No. 1 Sons of Temperance vs. Brown & Bass, 9 Minn.,* 157.

This was the state of the title to this lot at the time of the passage of the act approved March 10, 1860, which embraced section 25, including this lot, in the city of St. Anthony. Prior to and at

the time of the passage of this act by the act incorporating the defendant, the city of St. Anthony constituted but one school district. By the act of March 10th, therefore, the lot in question was detached from school district No. 3 and incorporated into the school district composed of the city of St. Anthony.

By section 10 of the act incorporating the defendant it is provided among other things, "that the title to all real estate and other property belonging for school purposes to the said city of St. Anthony, or any part thereof, shall be regarded in law as vested in the Board of Education and their successors in office, for the support and use of common schools therein," &c. By an act approved March 7, 1861, each and every township organized, or that might thereafter be organized, was constituted a school district and body corporate, &c., and by the second section of the act it is provided that every such school district shall hold in the name of its trustees and their successors in office, the title of all lands and other property then held or which might thereafter be acquired for school district purposes in any such town, excepting corporate cities, and towns which are made bodies corporate by and under chartered privileges granted by any special act of the Legislature of this State, in which case *the title of all such property shall be held in the corporate name of such town. or city* for the use of common schools therein."

At the time of the passage of this act the premises in question were embraced within the corporate limits of the city of St. Anthony, and constituted part of the school district composed of that city; therefore, admitting that the interest of school district No. 3 in the premises was unaffected by the prior legislation and the equitable estate remained in it, by the act of 1861 this estate was transferred to and vested in the corporate authorities of the city of St. Anthony. This being the case, by the tenth section of the act incorporating the defendant, the title vested in the defendant, the Board of Education. School districts being *quasi* corporations, are under the control of the. Legislature. They may be changed and divided at the legislative will, and property may be thus transferred from one organization to another. It was not in

the power of the Board of Education to refuse this estate—it was vested in it by the act creating the corporation—it was cast upon them by operation of law.    The necessity for purchasing the premises or erecting a school house was not to be considered by the board, nor was the district meeting to determine upon the purchase ; the acquisition of the property had already been determined by the Legislature. · It was not, therefore, we think, a purchase within the meaning of section nine of the act above cited, and the provisions of that section are not applicable to the case.

But the estate thus cast upon the defendant was only an equitable estate in the premises.    This estate, by neglect to perform the conditions of the bond, might be determined, and the premises be lost to the district.    To preserve the estate to the district the legal title must be acquired, and this could only be done by payment of the purchase money.

By section 3 of the act of incorporation it is provided that the board shall be capable of contracting and being contracted with, and shall be capable of receiving any gift, grant, donation or devise made for the use of common schools in said city, &c. ; and by section 5 of the act " that said Board of Education shall have the entire management and control of all the common schools in said city of St. Anthony, and of *all the houses, lands and appurtenances* already provided and set apart for common school purposes, as well as those hereafter to be provided for the same purpose," &c.

The imposition of the duty to manage and control the houses, lands and appurtenances, implies the duty to preserve the same and the power to use the means necessary to such preservation. It was, therefore, we think, the duty of the Board to preserve to the district the property and estate vested in the district in this instance, and to do so it was necessary to pay or contract to pay the purchase money of the lot, and the power to contract being expressly given to the Board, we think the contract by the Board by which they obtained the legal title to the premises, is valid and binding.    It is expressly stated in the contract with the Board that the deed of conveyance of the premises was in pursuance or

the original agreement with school district No. 3, and it is also averred in the complaint that at the time of making the deed and contract with the Board, and prior thereto, the defendant was in the occupation of the premises. These facts, we think, clearly show that the transaction was not an original purchase by the Board, but a mere performance of the original agreement, by which the estate was preserved and secured to the district represented by the Board of Education. Conceding that the plaintiff might have had a remedy against school district No. 3 upon their agreement, we think the plaintiff has waived that right by his agreement with the present defendant. Since the defendant acquires not only the lot purchased, but also the building erected thereon by school district No. 3, there is certainly nothing inequitable in the former paying the purchase price of the lot.

The order overruling the demurrer is affirmed.