GRANVILLE HUBBARD, in equity,

*vs.*

HOLMAN JOHNSON and others.

Kennebec. Opinion February 20, 1885.

*Specific performance. Bond. Equity. Practice.*

When a bill in equity for the specific performance of a bond for the conveyance of certain land has been inserted in a writ on which an attachment has been made prior to the decease of the sole defendant, the administrator with the will annexed, the heirs of the testator and the residuary devisee may be brought in by a revivor although no service had been made upon the testator prior to his decease.

Whether this should be done by a supplemental bill, or an original bill, in the nature of a revivor, *quere.*

Where the testator died possessed of a large amount of real estate other than that embraced in the testator's bond, and his widow is a residuary devisee, the complainant may bring in the heirs of the testator together with the residuary devisee.

When the heirs, by their answer, disclaim all interest in the land sought to be conveyed, and allege the residuary devisee holds the entire interest, the bill may be dismissed as to them.

Compensation in damages for not conveying land in accordance with the obligations in a bond, is not regarded as adequate relief, and the obligee may maintain a bill for specific performance.

When such a bill prays for an accounting between the original parties, the administrator with will annexed is made a proper party; and the case will be sent to a master to state the accounts between them.

The bill must contain an offer to pay any balance found due by the complainant.

The plaintiff and his wife are incompetent witnesses to any matter which happened before the decease of the defendant, unless the administrator first testifies in relation thereto; but if the deceased party's account books or other memoranda are used in evidence by the administrator, then the complainant and his wife may testify in relation thereto.

BILL IN EQUITY.

*J. H. Potter*, for the plaintiff.

*Bean and Beane*, for the defendants.

VIRGIN, J. In the original bill, the plaintiff, as obligee, sought against the obligor, specific performance of his bond for

the conveyance of three certain parcels of real estate. The bill was inserted in a writ of attachment and an attachment of the obligor's real estate was made; but before service was made on the obligor he died. Thereupon a supplemental bill in the nature of a revivor was filed making the obligor's heirs, administrator with the will annexed, and the residuary devisee, parties defendant and service was made on them.

The general rule in equity is, that strictly speaking, there is no cause in court as against a defendant, until his appearance. 2 Dan. Ch. (5th ed.) 1523. But in this state, since a bill may be inserted in a writ of attachment (R. S., c. 77, § 11) as this was, and a suit is commenced when the writ is actually made with intention of service (R. S., c. 81, § 95) an executor may be brought in by a revivor, although no service has been made on the testator. *Heard* v. *March*, 12 Cush. 580.

All of the parties defendant, save three minor grandchildren of the obligor, have answered, alleging *inter alia* that all of the real estate in controversy, was devised to the widow of the obligor, that the will has been duly probated and that the heirs have no interest in it. Still we think the plaintiff was warranted by the circumstances in making them parties; for the testate died possessed of a large property including real estate other than that devised to his widow and now in controversy; and the question might have arisen whether that in question passed by the devise to her. The probate of the will did not determine that question. "The probate of a will," said Mr. Justice STORY, "is conclusive only as to the sanity of the testator, his competency to make it, and its actual lawful execution. As to the construction of its terms, the estate devised by it, and the parties to whom they are devised, these are questions which the probate does not assume to decide; but they remain open for contestation whenever put in issue." *Slack* v. *Walcott*, 3 Mason, 508,514. By being made parties their rights will be concluded by the decree.

Whether or not an original rather than a supplemental bill, in the nature of a revivor, should have been filed, inasmuch as the title was transmitted by devise and not by law, (*Slack* v. *Wal-*

*cott, supra*; *Pingree* v. *Coffin*, 12 Gray, 288, 317, 18,) we shall not attempt to decide as the parties have not thought fit to raise it, and they are all before us. R. S., c. 82, § 36; see R. S., c. 111, §§ 8 and *seq.*

It is objected, however, that the penal sum of the bond affords ample remedy at law. But compensation in damages in such a case is not regarded as adequate relief, (*Jones* v. *Robbins*, 29 Maine, 351; *Foss* v. *Haynes*, 31 Maine, 81; *Snowman* v. *Harford*, 55 Maine, 199;) hence courts of equity act upon such a bond as an agreement, and will not suffer the party thereto to escape from a specific performance by offering to pay the penalty. *Fisher* v. *Shaw*, 42 Maine, 32, 40.

The testator took the title from the original holders at the request, and for the accommodation of the plaintiff in order to give him time for making the payment. Time has never been considered by the original parties to the bond as of the essence of the contract, (*Snowman* v. *Harford*, 55 Maine, 197; *Jones* v. *Robbins*, 29 Maine, 351; *Hull* v. *Noble*, 40 Maine, 459;) the testator agreeing, as appears from the answers, to accept labor, merchandise, etc., from time to time, as well as money in payment.

There is no question that the devisee can be held to convey the land in controversy. The fundamental maxim in equity, "Equity looks upon things which ought to be done as actually performed," considers the vendor as the trustee of the vendee, holding the vendee's legal estate on a naked trust. *Linscott* v. *Buck*, 33 Maine, 530; Sug. Vend. (Perk. Ed.) c. 5, §1, Pom. Eq. Jur. §§ 364, *et seq.* The equitable title changes when the contract is completed. The consequences follow. As the vendee's legal estate is held on a naked trust by the vendor, this trust, impressed upon the land, follows it in the hands of his heirs and devisees. *Woodbury* v. *Gardner*, 77 Maine, 68, and cases there cited.

The plaintiff alleges that he has fully paid the stipulated price and prays for an accounting between the original parties. This will necessitate the sending of the case to a master to ascertain the facts and state the accounts between them; and the administrator is a necessary party.

If the report shall show full payment by the plaintiff, the devisee will be decreed to convey. If it shall appear that a balance is still due and unpaid, the bill must be amended to meet this exigency as it contains no offer to pay any such balance.

As the answers of the heirs disclaim all interest in the land but allege the title to be in their mother by virtue of the devise, the bill must be dismissed as to them, with a single bill of costs, each taxing for his answer; and sustained as to the administrator and devisee. But before final decree, the plaintiff must make the guardian *ad litem* of the minor grandchildren party, although it is quite apparent from the answers of the other heirs that it will be a mere matter of form. *Scribner* v. *Adams*, 73 Maine, 542.

The testimony of the plaintiff and his wife relating to any matters which happened before the decease of the testator, is incompetent unless the administrator testifies or puts in the testator's books, when they may testify in relation thereto.

> *Case to be sent to a master to hear and state the accounts between the plaintiff and the late Holman Johnson.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.