No. 13,393.

## HARSHMAN *v.* MITCHELL.

REAL ESTATE.—*Contract to Convey.*—*Specific Performance.*—*Demand.*—Where one who has contracted to convey real estate repudiates the contract, or denies the right of the other to receive a deed, a demand for a conveyance is not necessary before a suit to enforce specific performance.

SAME.—*Defendant not Required to Make Demand.*—A party who is brought into court as a defendant and challenged to litigate matters in controversy, is not required to make a demand which might be necessary if he were the moving party.

SAME.—*Tenant in Common.*—*Right to Specific Performance by Co-Tenant.*—One tenant in common, who has become the owner by assignment of a title bond executed by himself and his co-tenant, may, upon performing the conditions of the bond, enforce specific performance of the contract to convey against his co-tenant.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*J. V. Kent* and *J. W. Merritt,* for appellee.

MITCHELL, J.—Harshman commenced an action for partition, alleging that he and the defendant Mitchell were the owners as tenants in common of certain real estate in Clinton county.

The defendant answered by a general denial, and also set up by way of cross-complaint, that, prior to the 12th day of December, 1872, the plaintiff and cross-complainant were the owners as tenants in common of the real estate described in plaintiff's complaint, and that on the above mentioned date they sold and conveyed the same, by title bond, to Bazzle Bailey for the nominal consideration of three thousand dollars, which, according to a stipulation written in the bond, was to be paid by procuring certain notes, executed by the plaintiff Harshman, and for the payment of which he alone was liable, amounting to about forty-one hundred dollars, to be surrendered up and cancelled, whereupon the obligors in

the bond bound themselves upon reasonable request to execute to the obligee, Bailey, his heirs or assigns, a good and sufficient warranty deed in fee simple for the land in controversy.

It was alleged that the title bond had been duly assigned for a valuable consideration by Bailey to the cross-complainant, and that he had fully performed the condition of the bond by procuring the notes therein mentioned, and by causing them to be cancelled and duly surrendered up to the plaintiff, Harshman. He prayed as relief that the plaintiff be decreed to specifically perform the obligation imposed upon him by the bond, and that he be required to convey his apparent undivided interest in the real estate to the cross-complainant.

Bailey also became a party, and by appropriate pleadings sought to have the assignment of the title bond to Mitchell set aside. The facts as specially found by the court are not materially variant from those set forth in the cross-complaint, as above summarized, and upon the facts so found the court stated conclusions of law and rendered judgment according to the prayer of the cross-complainant.

It is contended on the appellant's behalf that the judgment must be reversed, because it was not alleged in the cross-complaint nor found by the court that a demand had been made for a deed before filing the cross-complaint.

Ordinarily a demand for a conveyance is necessary before a suit can be maintained to enforce specific performance of a contract to convey real estate, but the purpose of a demand is to give the party bound to convey the opportunity of making a deed without being subjected to the costs and inconvenience of a suit. If, therefore, it appears that the party thus bound has repudiated the contract, or denies the right of the other to receive a deed, a demand is unnecessary. *Burns* v. *Fox*, 113 Ind. 205; *Outsinger* v. *Ballard*, 115 Ind. 93.

Besides, a party who is brought into court by his adversary and challenged to litigate matters in controversy, is under no obligation to make a demand which might be neces-

sary under other circumstances, if he were the moving party. *Stix* v. *Sadler*, 109 Ind. 254.

It is contended next that the bond relied on is the joint obligation of Harshman and Mitchell, and that the assignment to the latter by Bailey united the right of action and the liability on the bond in one and the same person, and that hence the cross-complainant had no right to enforce specific performance against the appellant.

This view is not maintainable. Although both joined in the bond to Bailey, the obligation to convey the land, upon the performance of the contract on his part, was several. Notwithstanding Harshman and Mitchell were tenants in common, neither could have conveyed for the other. The rule that the release of one joint obligor discharges the other has no application to a case like the present. The assignment of the bond to the cross-complainant discharged his separate obligation to convey his undivided interest in the land, and when he performed the condition, and caused the appellant's notes to be cancelled and surrendered up to him, there remained no obstacle in the way of the specific enforcement of the several obligation of the appellant to convey his individual interest in the land to the assignee of the bond.

The judgment is affirmed, with costs.

Filed Feb. 13, 1889.