## JORDAN ET AL. *v.* JOHNSON ET AL.

[No. 7,583. Filed April 17, 1912.]

1. SPECIFIC PERFORMANCE.—*Contract for Sale of Land.—Bond.— Rights of Purchaser.*—Where an instrument is in the form of a bond for the payment of money, conditioned to be void on the conveyance of real estate, the penalty will be regarded as a mere security for the conveyance of the land, so that the purchaser may elect to sue for specific performance instead of relying on the remedy for damages, unless a contrary intent is clearly shown by the terms of the instrument. p. 217.

2. SPECIFIC PERFORMANCE.—*Contract for Sale of Land.—Contract in Form of Bond.—Sufficiency.*—An instrument which shows the parties and the terms of an executory contract for the sale of land, and so identifies the property as to afford the means of a description in the conveyance, is sufficient and equity will decree its specific performance, although it is technically in the form of a bond. p. 218.

3. SPECIFIC PERFORMANCE.—*Contracts for the Sale of Land.—Remedy Against Purchaser With Notice of Contract.*—Where a vend-

or, in violation of his agreement to convey land to one person, conveys it to another with notice of the contract, the first vendee may compel the latter specifically to perform the grantor's contract. p. 218.

4. VENDOR AND PURCHASER.—*Contracts for the Sale of Land.*— *Rights of Parties.*—Where an executory contract has been made for the sale of land, equity regards the vendee as the owner, and the vendor as seized of the title in trust for the purchaser, with a lien on the land for the purchase money. p. 218.

5. SPECIFIC PERFORMANCE.—*Contract for the Sale of Land.*— *Tender of Purchase Price.*—Where a vendor has violated his executory contract for the sale of land, the vendee may have specific performance without an unconditional tender of the balance of the purchase money, where he shows his readiness and willingness to perform his part of the contract on compliance therewith by the grantor. p. 219.

6. SPECIFIC PERFORMANCE.—*Contract for the Sale of Land.*—*Necessity for Demand.*—Where a vendor repudiates his contract to convey real estate, and denies the right of the other party to receive the title, a demand for a conveyance is not necessary before suit for specific performance. p. 219.

From Knox Circuit Court; *George W. Buff*, Special Judge.

Action by Samuel A. Jordan and another against Mary L. Johnson and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*A. T. Cobb, W. A. Cullop* and *George W. Shaw.* for appellants.

*S. M. Emison, B. M. Willoughby* and *James M. House,* for appellees.

FELT, C. J.—Appellants brought this action for specific performance of a contract by appellees, Mary L. Johnson and Clark Johnson, for the sale and conveyance to appellants of certain real estate. The complaint was in one paragraph, to which appellees' several demurrer was sustained, and the alleged error in such ruling is the only question presented by this appeal.

The complaint, in substance, charges that on and prior to February 10, 1909, appellees Johnson and Johnson were hus-

band and wife, and on and prior to said day said Mary L. Johnson was the owner in fee simple of certain described real estate situate in Knox county, Indiana; that on said day appellants, by their attorney, entered into a certain written contract with appellees Johnson and Johnson, by which said appellees sold said real estate to appellants, and agreed to execute and deliver to them a warranty deed therefor on the payment of the balance of the purchase money, a partial payment having been made; that appellants found the title to said real estate satisfactory to them, and on February 12, 1909, were ready and willing to carry out their part of said agreement, and offered to pay to said Mary L. Johnson the balance of the purchase money for said real estate. The complaint further avers that appellants kept and performed all the terms and conditions of said contract to be by them performed, but that they did not make actual tender of the balance of said purchase money or demand the execution of a deed, because, before the time arrived when, by the terms of said contract, they were entitled to a deed, and the balance of the purchase money became due and payable, said appellees Johnson and Johnson repudiated said contract, and on February 12, 1909, while said agreement was still in force, without the knowledge or consent of appllants, sold and conveyed said real estate to appellee James D. Sisson, who ever since has claimed to own the same by reason of such conveyance; that by reason of such repudiation and conveyance said Johnson and Johnson violated said contract, and disabled themselves from executing the deed as therein provided; that appellee Sisson, at the time he so purchased said real estate, had personal knowledge of the existence of said contract between appellants and appellees Johnson and Johnson, and knew that it was then in full force and effect; that with full knowledge of said facts, he wrongfully and fraudulently entered into a conspiracy with said Johnson and Johnson to defraud appellants out of said real estate, and for the purpose of carrying out said conspiracy, said Sisson offered

to said Johnson and Johnson, and induced them wrongfully and fraudulently to accept, a sum of money for said real estate in excess of the amount to be paid therefor by appellants; that a deed of conveyance for said real estate has been executed to said Sisson by said Johnson and Johnson, and has been duly recorded in the public records; that appellants are ready and willing to bring into court for the use and benefit of appellees, the balance of said purchase money to be paid by them, and to do and perform such other acts in the premises as the court may direct. Prayer for specific performance of the contract, and the appointment of a commissioner to convey the title.

The alleged contract and the deed to Sisson are made exhibits with the complaint.

The instrument relied on is as follows:

### "BOND FOR A DEED.

Know all men by these presents that we, Mary Louise Johnson, and Clark Johnson, her husband, of Knox County, in the State of Indiana, are holden and stand firmly bound unto S. A. Jordan and A. J. Jordan, doing business under the firm name of Jordan Brothers in said county, in the sum of five thousand dollars ($5,000) to the payment of which to the said obligees or their executors, administrators or assigns, I hereby bind myself, my heirs, executors and administrators. The condition of this obligation is such, that whereas, the said obligor has agreed to sell and convey unto the said obligee a certain parcel of real estate situated in said county, described as follows: (description of property); the same to be conveyed by a good and sufficient warranty deed of the said obligor, conveying a good and clear title to the same, free from all incumbrances. It is further agreed and understood between the parties hereto that the said obligor shall furnish to said obligees an abstract of title to the said real estate which shall show said title to said real estate to be in a condition satisfactory to said obligees. And whereas for such deed and conveyance it is agreed that the said obligees shall pay the sum of thirty-six hundred dollars ($3,600) of which the sum of ten dollars ($10) have been paid on this day, and thirty-five hundred and ninety dol-

lars ($3,590) are to be paid in cash upon the delivery of said deed and the acceptance thereof solely conditioned upon the title to said real estate being satisfactory to said obligees, then this obligation shall be void, otherwise it shall be and remain in full force and virtue. In witness we have hereunto set our hands and seals this 10th day of February, A. D. 1909.

Mary Louise Johnson,

Clark Johnson,

S. A. Jordan,

A. G. Jordan, by

Arthur T. Cobb, Attorney-at-Law."

The sufficiency of the complaint depends on the meaning and effect of the title bond or contract.

Appellees assert that the complaint is insufficient because (1) the parties have provided a penalty in damages for a breach of the contract, which is the only remedy available; (2) the terms of the instrument do not evidence a contract of sale, and are not sufficiently definite and certain to enable the court to award specific performance; (3) the tender is insufficient.

Appellants assert the sufficiency of the instrument to evidence a contract of sale, and their right to choose the equitable remedy instead of suing for damages for the breach of the covenant to convey.

Where an instrument is in the form of a bond for the payment of money, conditioned to be void on the conveyance of real estate, the courts regard the penalty as a mere

1. security for the conveyance of the land, unless the instrument clearly indicates a contrary meaning. The purchaser may elect to sue for specific performance, and cannot be compelled to rely on the remedy for damages, unless, by the terms of the instrument, he is clearly limited to such action. 1 Pomeroy, Eq. Jurisp. §446; *Dooley v. Watson* (1854), 1 Gray (Mass.) 414; *Ewins v. Gordon* (1870), 49 N. H. 445, 457; *Hubbard v. Johnson* (1885), 77 Me. 139; *Martin v. Colby* (1886), 42 Hun 1; *Wilson v. Emig* (1890), 44 Kan. 125, 24 Pac. 80.

If an instrument is sufficient to show the parties and the terms of an executory contract for the sale of land, and so identifies the property as to afford the means of a de-
2.  scription in the conveyance, it will not be held insufficient because in the form of a bond with penalty.  An agreement to convey embraces that to sell, and equity will decree the specific performance of the contract, though technically in the form of a bond.  *Martin* v. *Colby, supra; Thornburgh* v. *Fish* (1891), 11 Mont. 53, 61, 27 Pac. 381; 36 Cyc. 552 *et seq.; Plunkett* v. *Methodist Episcopal Society, etc.* (1849), 3 Cush. (Mass.) 561, 566; *Dooley* v. *Watson, supra; Hemming* v. *Zimmerschitte* (1849), 4 Tex. 159, 164; *Ewins* v. *Gordon, supra; St. Paul Division, etc.,* v. *Brown* (1864), 9 Minn. 157; *Engler* v. *Garrett* (1905), 100 Md. 387, 397, 59 Atl. 648.

If a vendor, after contracting to convey land to one person, in violation of his agreement, conveys it to another with notice of the contract, the latter may be compelled by
3.  the first vendee specifically to perform the contract of his grantor.  *Earle* v. *Peterson* (1879), 67 Ind. 503, 511; *Heck* v. *Fink* (1882), 85 Ind. 6; *Forthman* v. *Deters* (1903), 206 Ill. 159, 69 N. E. 97, 99 Am. St. 145; *Frank* v. *Stratford-Hancock* (1904), 13 Wyo. 37, 77 Pac. 134, 110 Am. St. 963, 67 L. R. A. 571; *Handy* v. *Rice* (1904), 98 Me. 504, 509, 57 Atl. 847; *Young* v. *Young* (1889), 45 N. J. Eq. 27, 16 Atl. 921; *Wilson* v. *Emig, supra; Farrar* v. *Patton* (1854), 20 Mo. 81.

Where an executory contract has been made for the sale of land, equity looks on the vendee as the owner, and the vendor as seized of the title in trust for the purchaser,
4.  with a lien on the land for the purchase money.  1 Story, Eq. Jurisp. (12th ed.) §789; *Walker* v. *Cox* (1865), 25 Ind. 271, 273; *Hunter* v. *Bales* (1865), 24 Ind. 299, 302; *Hubbard* v. *Johnson, supra; Engler* v. *Garrett, supra.*

A vendee under an executory contract for the sale of real

estate, on a violation of the contract by his vendor, may have specific performance of his contract without an uncon-
5.  ditional tender of the balance of the purchase money, where he shows his readiness and willingness to perform all the requirements of his contract on compliance therewith by his grantor. *Martin* v. *Merritt* (1877), 57 Ind. 34, 26 Am. Rep. 45; *Horner* v. *Clark* (1901), 27 Ind. App. 6-13, 60 N. E. 732; *Turner* v. *Parry* (1866), 27 Ind. 163; *St. Paul Division, etc.,* v. *Brown* (1864), 9 Minn. 157; *Forthman* v. *Deters* (1903), 206 Ill. 159, 69 N. E. 97, 99 Am. St. 145.

If a person repudiates a contract to convey real estate, and denies the right of the other party to receive the title, a demand for a conveyance is not necessary before suit
6.  for specific performance. *Harshman* v. *Mitchell* (1889), 117 Ind. 312, 20 N. E. 228; *Lynch* v. *Jennings* (1873), 43 Ind. 276.

Applying the principles above enunciated to the case at bar, we are forced to the conclusion that the instrument in question, though technically in the form of a bond, contains all the essentials of an executory contract to convey real estate; that the penalty is a security for the obligation to convey the land, and the court may decree specific performance; that the complaint shows a breach of the contract and a performance and a willingness to perform on the part of appellants, sufficient to entitle them to the relief prayed; that the grantee in the deed executed by Johnson and Johnson accepted the same with notice of the rights of appellants, and cannot hold the title against appellants on proof of the facts alleged in the complaint.

The judgment is therefore reversed, with instructions to the trial court to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 98 N. E. 143. See, also, under (1) 36 Cyc. 571; (2) 36 Cyc. 590; (3) 36 Cyc. 761; (4) 39 Cyc. 1303; (5, 6) 36 Cyc. 705, 706. For a discussion of the right of vendee in con-

tract to convey realty to specific performance of contract as against purchaser from vendor, see 17 Ann. Cas. 1036. As to a vendor's disabling himself to perform, by conveying to third person, see 100 Am. St. 973.