# THOMAS J. SUTHERLAND

*v.*

## WILLIAM D. GOODNOW *et al.*

*Filed at Ottawa January 23, 1884.*

1. ASSIGNMENT—*of lease, carries with it right to renewal.* An assignment of a lease by the tenant carries with it a clause giving the tenant the option to renew the lease at the end of the term, as well as all other clauses therein.

2. LANDLORD AND TENANT—*option to renew lease is no present demise.* A clause in a lease for one year giving the lessee the option, on a certain condition, to renew the lease for another year, is not a demise to take effect at the expiration of the first year,—it is a mere covenant or undertaking of the lessor to let the lessee have a second term, which may be enforced on bill for specific performance, or upon which an action at law may lie for a breach.

3. SAME—*tenant can not sub-let longer than his present term.* A tenant in possession under a written lease for one year, with the option of renewing the same for a second year if the lessor does not sell the premises before the end of the term, not having any demise except for one year, can not sub-let the premises for any longer term than his own,—that is, to the end of the first year.

4. Plaintiff procured a written lease to himself of certain premises for the term of one year, which lease contained a clause that he should have the option to take the premises for another year at the same rent, provided the lessor should not sell the premises before the end of the first year. A few months afterward the plaintiff sub-let the property to the defendants, and before the expiration of the term he notified them that if they held over he would charge them an enhanced sum as rent. Before the end of the term the lessor sold the premises by contract, and put the purchaser in possession, and the defendants at the end of the term attorned to the purchaser, and took a lease from him. At the end of the second year the plaintiff sued the defendants for the rent of the premises: *Held*, that he was not entitled to recover; that at the end of the first term the sub-lessees ceased to be tenants of the plaintiff, and had the right to lease the property from the owner.

5. A tenant for a year, with the option of a renewal in case the lessor does not sell within the year, who has sub-let the premises, can not charge his tenants with an increased rent by notice to them, before renewal of his lease, that if they hold over he will require them to pay the same, for the reason he is not possessed of such subsequent term, especially when he never does acquire the same by renewal.

6. SAME—*construed, as to renewal on condition of no sale by lessor.* A lease of premises for one year, ending April 30, 1881, had a clause giving the lessee the option to take the premises for another year at the same price or rent, "provided said first party (lessor) does not sell said premises before the end of the month of April, A. D. 1881." The lessor made a sale within the limited time, but did not execute the deed before the last day of April: *Held,* that the word "sell" was to be taken in its general as well as its popular sense, and included a contract for a sale. It not being qualified, would embrace both absolute and conditional sales.

7. VENDOR AND PURCHASER—*when one is trustee for the other.* A court of equity will treat the title to land as being where the parties have contracted it shall be, and for that purpose will hold the vendor as trustee of the legal title for the benefit of the vendee, while the latter will be looked upon as trustee of the purchase money for the benefit of the vendor.

8. SALE—*of land—conveyance is not the sale.* At law a deed for land is not the sale of the land. It is but the final step in the consummation of a sale, and evidence of it.

9. CONVEYANCE—*relates back to date of sale.* Where the time of the sale of land becomes material to protect the rights of parties, the conveyance, when executed in consummation of the sale, will have relation back, vest title, and be evidence of an executed sale as of the date of the contract, pursuant to which it was executed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON Judge, presiding.

Messrs. E. & A. VAN BUREN, and Mr. FRANKLIN P. SIMONS, for the appellant:

The covenant in appellant's lease was not to renew, but to extend the term of that lease. In such case the execution of a new lease was not necessary. A holding over, or notice of his intention to take for another year, was sufficient. Taylor on Landlord and Tenant, (7th ed.) 278, 279; *House* v. *Burr,* 24 Barb. 525; *Brown* v. *Parsons,* 22 Mich. 24.

A sale of real estate means a transfer of title, and can only be made by a deed duly executed and delivered to the purchaser. Anything else is not a sale, and especially anything that has been proved in this case. 2 Blackstone's Com. 447; Bouvier's Law Dic. title "Sales;" Williams on Real Prop.

127; *Wiggins* v. *Lusk*, 12 Ill. 135; *Johnson* v. *Bantock*, 38 id. 114; *Blake* v. *Fash*, 44 id. 302; *Skinner et al.* v. *Baker et al.* 79 id. 496; *Houfes* v. *Schultze*, 2 Bradw. 196; *Dickerson* v. *Merriman*, 100 id. 346; *Byars et al.* v. *Spencer et al.* 101 id. 429.

The lease, as a whole, or taken in sections, was not ambiguous, and the court was vested with no right to construe the lease in his own way, and make a new contract for appellant. *Coey* v. *Lehman*, 79 Ill. 176; *Walker* v. *Tucker*, 70 id. 527; *Canterberry* v. *Miller*, 76 id. 355; *Fitzgerald* v. *Staples*, 88 id. 236; *Corbett* v. *Underwood*, 83 id. 327; *Merchants' Ins. Co.* v. *Morrison*, 62 id. 242; *Stettauer* v. *Hamlin*, 97 id. 312.

The court erred in instructing the jury that an executory contract to sell was a sale. Rev. Stat. chap. 30, sec. 1; 2 Blackstone's Com. 447.

The making and delivery of the deed can not relate back to the date of the contract to sell, so as to affect injuriously the interests of appellant, a third party, having acquired his rights by contract long previously made. *Edwardsville R. R. Co.* v. *Sawyer*, 92 Ill. 377.

Messrs. WARREN & POWERS, for the appellees:

Appellant sold his entire interest in the business and lease, and it containing no prohibitory clause, was assignable. Taylor on Landlord and Tenant, (6th ed.) sec. 426, note 1; 1 Washburn on Real Prop. (14th ed.) 408.

A lease is for only one year where it rests in covenant for the lessor to grant a new lease at the end of the term. Browne on Statute of Frauds, sec. 35.

The appellant could derive no advantage under the clause in the lease giving an option for another year, by reason of the fact that the option was a covenant running with the land, and passed to appellees as assignees of the lease. Taylor on Landlord and Tenant, secs. 262, 332, 437, 445; 1 Washburn on Real Prop. 504; 2 id. 285.

Where there are several acts concurrent to make a conveyance or estate, such conveyance or estate, when made or created, shall have relation to, and take effect from, the date of the original act or agreement. *Schneider* v. *Botsch*, 90 Ill. 577; 3 Washburn on Real Prop. (14th ed.) 308, and cases cited; id. 309, 310, and cases cited; *Rogers* v. *Brent*, 5 Gilm. 573; *Welch* v. *Dutton*, 79 Ill. 465; *Kruse* v. *Wilson*, id. 233; *Jayne* v. *Gregg*, 42 id. 413; Viner's Abridg. title "Relation;" 4 Kent's Com. *451, citing *Clary* v. *Marshall*, 5 B. Mon. 266; 5 Cruise on Real Prop. 510, 511.

When a purchaser is let into possession under a contract to convey, as long as he fulfills his part of the contract he is entitled to the free use and enjoyment, and the rents, issues and profits, of the land. And those who derive a privilege from such purchaser are equally protected. *Baldwin* v. *Pool*, 74 Ill. 97; *Smith* v. *Price*, 42 id. 399.

Where there is a valid contract for the sale of land, the purchaser is treated as the owner of the land, and may devise it, even before the conveyance is made to him, and it passes by descent as land to his heir. Story's Eq. Jur. (11th ed.) sec. 790; Taylor on Landlord and Tenant, (7th ed.) secs. 25, 636.

The relation of landlord and tenant does not apply to vendor and vendee in possession, when possession is taken by agreement. Sedgwick & Waite on Trial of Title to Land, sec. 316; Taylor on Landlord and Tenant, (7th ed.) secs. 25, 636; Bouvier's Law Dic. (14th ed.) title "Landlord and Tenant," 4, and cases cited; 1 Washburn on Real Prop. (14th ed.) 469.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of *assumpsit*, for use and occupation, by appellant, against appellees. The judgment of the Superior Court was for the defendants, the appellees, and that

judgment was, on appeal to the Appellate Court for the First District, affirmed.

The facts material to a comprehension of the rulings now questioned in argument, are: On the 29th day of March, 1880, Granville S. Ingraham and the appellant jointly executed their deed, whereby the former leased to the latter certain premises located in the city of Chicago, from the 1st day of May, 1880, until the end of the 30th day of April, 1881, in consideration of the covenants therein of the latter. The deed contained this clause: "And it is also provided, as a part of this agreement, that the said Sutherland shall have the option to take the said premises for another year at the same price or rent, provided said first party does not sell said premises before the end of the month of April, A. D. 1881." Some time in the month of September following, appellant either sold and assigned the lease, or sub-let the premises for the remainder of the term, to appellees,—but which it was, the witnesses testifying to the point do not agree. The evidence tended to show that in March or April, 1881, an agreement was made, and a memorandum thereof reduced to writing, and signed by Granville S. Ingraham, whereby he assumed to sell to Hiram Sibley these premises, for a consideration agreed upon, and undertook to convey the same by deed, "provided the abstract showed a good title;" that he immediately placed Sibley in the actual possession of the premises, and that he executed and delivered to him the requisite deed therefor on the 20th of May, 1881; that appellees remained in possession of the premises after April 30, 1881, under a contract of renting theretofore made with Sibley; that appellant was never in the actual possession of the premises after the appellees entered into possession under the assignment or sub-letting, and that appellant sought to charge appellees, by notice served on them on the 26th of April, 1881, that if they held the premises the next year he should charge them $3600 therefor.

The main controversy arises on the rulings of the Superior Court in refusing an instruction asked by appellant, and in giving two instructions asked by appellees, when considered with reference to this state of case. That asked by appellant, and refused by the court, is in these words:

"If the jury believe, from the evidence, that the plaintiff in this case took a lease of the premises in question for one year, from the 1st day of May, 1880, which lease contained a clause that the plaintiff, at the expiration of that year, had the option to have the said premises for another year unless the said owner should sell the same before the expiration of the said first year, and if the jury further believe, from the evidence, that the said owner did not sell the said premises before the expiration of said year, then the said plaintiff had the right, under said lease, to hold the said premises for another year; and if, at the expiration of the first year of said lease, the defendants were in possession of said premises under the plaintiff, and as his tenants, and if the jury further believe, from the evidence, that the plaintiff, Sutherland, gave notice before the end of said first year, to said defendants, that if they continued in possession after the expiration of said first year of his said lease then he should hold them to pay as rent for the second year, as stated in said notice by the plaintiff to the defendants, namely, the sum of $3600, and if the jury further believe, from the evidence, that the said defendants, after they received such notice, continued in possession of said premises, then the defendants became liable to said plaintiff to pay the rent at the rate of $300 per month, for the year, from May 1, 1881, to May 1, 1882; and if they believe that such rent has not been paid to said plaintiff, then the jury will find for the plaintiff, and assess the damages accordingly."

The instructions given at the instance of appellees are as follows:

"On the part of the defendant the court instructs the jury, that if they believe, from the evidence, that one Granville S. Ingraham owned the premises in question, and executed a lease therefor to the plaintiff for one year, with the privilege of renewing for one or more years, provided said Ingraham did not sell the premises before the 30th day of April, 1881, and if they further believe, from the evidence, that the premises were sold by said Ingraham before the 30th day of April, 1881, then they should find for the defendants.

"The court instructs the jury, as a matter of law, that in order to constitute a sale of real estate within the meaning of the clause in the lease introduced in evidence by plaintiff, it is not necessary that a deed should actually be executed and delivered, but any written agreement by or under which a party may enforce the making and delivery of a deed of conveyance, and in pursuance of which a deed is subsequently executed and delivered, is, in the eyes of the law, a sale, within the meaning of said clause in said lease."

We are of opinion appellant has not been prejudiced by either of these rulings.

*First*—If the lease was assigned by appellant to appellees, as they contend, it is a sufficient answer to the position of appellant, that the option clause, as well as the other clauses of the lease, passed, by virtue of the assignment, to appellees. (Taylor on Landlord and Tenant, 2d ed. sec. 445.) But if, as appellant contends, the premises were only sub-let by him to appellees, it is to be observed the sub-letting could not be, and he does not claim that it in fact was, extended beyond the term of the letting to him, of which he was then in the possession. The clause giving the option to appellant to renew the lease is not a present demise of the premises for a term commencing on the first day of May, 1881, and ending with the month of April, 1882,—it is a mere covenant or undertaking to let appellant have such a term upon the con-

dition named, at his election,—and hence, for a failure on the part of Ingraham to give possession and allow the use of the premises for and during such term, appellant's only remedy would be by bill in equity for specific performance, or by action at law on the covenant or undertaking. (*Hunter* v. *Silvers*, 15 Ill. 174; Taylor on Landlord and Tenant, sec. 332.) If appellant had been let into possession of the premises after the 30th of April, 1881, his occupancy thenceforth would, we concede, have been under the option clause, and he could consequently then have only been held to the same terms as for the first year; but since his present letting expired with the 30th of April, 1881, the sub-letting of that term to appellees must necessarily have expired at the same time, and with it, of course, terminated appellees' obligations to appellant as sub-tenants. Before that period they could do no act in denial of their obligation to attorn to him. After it, their relations having terminated, they could accept whom they pleased as landlord. The notice given by appellant, in advance of the expiration of the first term, that if appellees continued to remain in possession of the premises the next year he should require them to pay at the rate of $3600 per annum, could amount to nothing, because he was not then possessed of the term for which he proposed to make the charge, and he never afterwards became so possessed. It is too evident to require argument that he could not, by such a notice, cut off the rights of appellees to accept another landlord when their duties to him as sub-tenants should cease, and compel them to wholly abandon the property at the end of that term or accept him as their landlord upon his own conditions. When that notice was given he not only possessed no term about which to negotiate, but he could not know, until the end of the month of April, whether, under the clause giving him the option, the condition of things would exist that would allow him to elect to take a term for another year; and since no person can be made the agent of

another against his will, where his relations to that other at the time do not of themselves, in legal contemplation, make him such agent, there can be no principle upon which the possession of appellees after the month of April, 1881, (held, as it was, under Sibley, as their landlord,) can be held to have been the possession of the appellant.

The instruction refused was in direct opposition to this view of the law, and was, therefore, properly refused.

*Second*—The manifest purpose of reserving the right to sell the property, free of the lease, at any time before the end of the term fixed by the lease, was to enable Ingraham to give possession at the end of that term to the purchaser. Whether the deed was to be executed on one day or another, plainly could make no sensible difference to him; but it could, and doubtless would, make a very great difference to him whether the property was in a condition in which he could speedily realize its value by a sale. The word "sale" is certainly used in its general sense, and, as we think, also in its popular sense, and therefore includes what counsel for appellant claim is but a contract of sale. It is not qualified, and properly, therefore, must embrace both absolute and conditional sales. (See 2 Bouvier's Law Dic. 495, title "Sale," 15.) At law a deed is essential to vest title to real estate, but in equity the title will be treated and protected as being where the parties have contracted it shall be, for that purpose holding the vendor as trustee of the legal title for the benefit of the vendee, while the latter is looked upon as trustee of the purchase money for the benefit of the vendor. Bispham's Principles. of Equity, (2d ed.) 423; 2 Bouvier's Law Dic. *supra.*

In an equitable view, therefore, it is not inaccurate to say there has been a sale of real estate when there has been only a contract to that effect, and possession delivered in accordance therewith. But at law a conveyance alone does not constitute a sale. It is but the final step in the consum-

mation of a sale.   It must be executed and accepted in accordance with a precedent contract of sale, express or implied.   It may be admitted that it is the last step in the consummation of the sale, but that does not determine that its date shall be regarded as the date of the sale.   In cases like the present, we think, it conforms to the intention of the parties, and better subserves the end of justice, to hold that the consummation of the sale by the execution of the deed shall, by relation, vest title, and therefore evidence an executed sale as of the date of the contract, or the delivery of possession, pursuant to which it was executed.   And the following cases, cited by counsel for appellees, may be regarded as authority for this view:   *Schneider* v. *Botsch,* 90 Ill. 577;   *Rogers* v. *Brent,* 5 Gilm. 573;   *Welch* v. *Dutton,* 79 Ill. 465;   *Kruse* v. *Wilson,* id. 233;   *Jayne* v. *Gregg,* 42 id. 413.   This accords with the effect of the ruling of the Superior Court in the instructions given.

Two minor objections in regard to rulings in admitting certain evidence, and in refusing to exclude certain other evidence, were urged in argument as grounds of reversal, but we presume not seriously.   The evidence admitted, to which the objection was urged, was clearly admissible as secondary evidence of the contents of a lost instrument, the proper foundation having been previously laid; and the evidence sought to be excluded was clearly admissible as *part of the res gestæ,* in connection with the evidence of the sale of the premises.

We approve the decision of the Appellate Court in all respects.   It is therefore affirmed.

*Judgment affirmed.*