KNAPP *v.* ELLYSON REALTY COMPANY, INC. ET AL.

[No. 26,723.  Filed February 10, 1937.]

*Sevald & Sevald,* for appellant.

*Belshaw, Heubner & Belshaw,* for appellees.

HUGHES, J.—This is an appeal from an action to foreclose a mortgage, and for the appointment of a receiver during the year of redemption. There was a decree of foreclosure, but a refusal to appoint a receiver; and this appeal is for alleged error in refusing to appoint one.

It appears from the record and evidence that, on July 7, 1930, the appellees, Johanna A. Schroeter and Jacob Schroeter, were the owners in fee simple of the real estate in question, which is a lot and house in the city of Hammond, Indiana; that on said day the said appellees executed a mortgage on said real estate to the Peoples Co-operative State Bank for $3,000 represented by six first mortgage real estate bonds for $500 each; that said mortgage was recorded on July 8, 1930; that the said Ellyson Realty Company, subsequent to December 2, 1932, acquired title to said real estate, and, on August 26, 1933, sold same to appellees Debbrett and Debbrett under the terms of a written contract of sale wherein the said Debbretts were to pay thirty-five hundred ($3,500) dollars for said real estate.

The evidence shows that, pursuant to said contract of sale, the said Debbretts entered into possession and occupancy of said real estate and remained in possession and occupancy ever since. It further shows that the complaint to foreclose was filed on February 20, 1935; that at the time of filing the original complaint the appellant was made a party defendant, and at that time he was the owner of one five hundred dollar ($500) first mortgage bond; that after the filing of the original complaint, he bought all of the outstanding bonds, and asked to be substituted as sole plaintiff, which request

was granted, and he then filed as plaintiff an amended complaint to foreclose.

It is stated in the complaint that the Debbretts are insolvent; that the mortgage debt is due; that nothing has been paid on the contract of purchase since February, 1935; that there are taxes due and unpaid on said real estate; that the house on said real estate is in need of repair, and that the Ellyson Realty Company has no equity in the property.

The errors relied upon for reversal are: (1) The court erred in refusing to appoint a receiver; (2) the court erred in refusing to permit the witness Clement B. Knapp to answer certain questions; and, (3) the decision of the court is contrary to law, and is not sustained by sufficient evidence.

It is insisted by appellant that the Debbretts are not owners of the real estate as provided in Section 831 Burns 1926 (§2-3919 Burns 1933, §623 Baldwin's 1934) relative to sale upon execution. The statute is as follows:

"The owner of the real estate or interest therein sold as aforesaid, shall be entitled to the possession of the same for one (1) year from the date of such sale."

The contract of sale heretofore referred to is a contract for the sale of land, and equity looks on the vendees Debbrett and Debbrett as the owners, and the vendor Ellyson Realty Company as seized of the title in trust for the purchasers. The Ellyson Realty Company, having entered into a contract of sale with the Debbretts for the real estate in question by which contract it agreed to convey the real estate to them by warranty deed, thereafter held the legal title thereto in trust for them. As said in the case of *Kimberlin et al.* v. *Templeton et al.* (1913), 55 Ind. App. 155, 160, 102 N. E. 160:

"We think it may be conceded as a general rule that where there is a contract for the sale of real estate, the vendee becomes the equitable owner thereof, the vendor simply holding the title as security for the purchase money. The vendee being the equitable owner, secures all the benefits, and assumes all the risks of ownership."

In the case of *Hunter and Others* v. *Bales* (1865), 24 Ind. 299, 302, it is said:

"In equity, a contract for the sale of land is not merely executory, but the vendee becomes the owner, and the vendor is seized in *trust* for him, and has a mere lien on the land for the purchase money, upon the maxim that 'equity looks upon that as done which is agreed to be done.' "

The contract in question is a valid contract, and one upon which the vendees would be entitled to specific performance upon full compliance by them. ■ *Jordan et al.* v. *Johnson et al.* (1912), 50 Ind. App. 213, 98 N. E. 143; *Railroadmen's Building and Savings Association* v. *Rifner* (1929), 88 Ind. App. 580, 163 N. E. 236.

In the case of *Sutherland* v. *Goodnow* (1884), 108 Ill. 528, 536, 48 Am. Rep. 560, the court, in discussing this subject, said:

"At law a deed is essential to vest title to real estate, but in equity the title will be treated and protected as being where the parties have contracted it shall be, for that purpose holding the vendor as trustee of the legal title for the benefit of the vendee, while the latter is looked upon as trustee of the purchase-money for the benefit of the vendor."

It cannot be successfully maintained that in the instant case the Debbretts did not have an interest in the real estate in dispute; nor that such an interest ■ does not come within the meaning of the statute as heretofore set out. It specifically says: "The owner of real estate or interest therein . . ." The Deb-

bretts not only had an interest in the real estate, but they were the equitable owners of the same, and the Realty Company merely held the legal title thereto, as trustee for them. We think they come fully within the meaning of the statute, and are entitled to its protection.

It is insisted by appellant that the decisions of this court hold that the statute which gives the right to the owner, who is in possession of land, to have possession during one year from date of sale, was passed for the benefit of the mortgagor personally occupying the land. He cites the case of the *Federal Land Bank of Louisville* v. *Schleeter et al.* (1935), 208 Ind. 9, 193 N. E. 378, 194 N. E. 628, as authority for this contention. We do not think this case supports the proposition of appellant, and we have been unable to find any other authority to support it. It is true that in that case this court said (p. 14) :

"The purpose of the statute was to protect the mortgagor occupying the land personally in his possession during the year of redemption."

It must be remembered that in the Schleeter case the mortgagor was in possession and occupying the premises, and the court was applying the law to the facts in that particular case, which are different from the ones in this case. It was not decided in that case, however, that the same law would not be applicable in a case such as we have here. If the law protects the mortgagor when in possession and occupying the premises, what reason is there for it not protecting one who buys the real estate from the owner and mortgagor of the real estate, and who is in possession and occupying the same? We can see no reason. We know that a great part of the real estate of the country is mortgaged, and it is sold subject to the mortgage, and there is no sound reason why the vendee of such land should not have the same protection under the law as the vendor who was also the mortgagor.

The purpose of the statute was to protect not only the mortgagor in his possessions, but also to protect those who stand in the place of the mortgagor during the year of redemption, who are in possession and occupy the premises, from being disturbed because of insolvency or inadequacy of the proceeds of the sale of the land to pay the mortgage. The case of *Federal Land Bank* v. *Schleeter, supra,* is not authority to sustain appellant's position, but, as we construe it, is in favor of the appellees.

Certain questions were asked the witness, Clement B. Knapp, as to the amount of taxes due on the premises, costs of repairs needed, and the market value of the property. We think some of the questions were proper, but, if all had been answered, we think they could not have affected the proper result reached in the case; and, therefore, no harmful error was committed. Most of the questions related to expert testimony, and "the question as to when a witness is qualified to give an opinion as an expert is in the discretion of the trial court, and this will not be disturbed unless it is shown that the court abused that discretion." *Public Utilities Company* v. *Handorf* (1916), 185 Ind. 254, 262, 112 N. E. 775.

The appellant contends that Acts 1931, page 257, vol. 2, §§3-1801 to 3-1809 Burns 1933, §§1003-1011 Baldwin's 1934 control in this case. It clearly does not. Section nine (§3-1809 Burns, *supra,* §1011 Baldwin's *supra*) provides:

> "The laws of the state of Indiana now in force shall apply to the foreclosure of any mortgage executed prior to the taking effect of this act."

The mortgage here involved was executed July 7, 1930.

The decision of the lower court is sustained by sufficient evidence, and is not contrary to law.

Judgment affirmed.