**COMMUNITY CHRISTIAN CHURCH, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T05–8707–TA–00028.

Tax Court of Indiana.

May 5, 1988.

C. Keith Pettigrew, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Community Christian Church, Inc. appeals the final determination of the State Board of Tax Commissioners, which denied the church's claim for exemption filed by the church pursuant to IC 6–1.1–10–16 and IC 6–1.1–10–21.

On February 15, 1986, the church entered into an executory land contract with John and Betty Hoffman to purchase property at 3929 Millersville Road, Indianapolis, Indiana. The land contract required the church to make a down payment of $22,-750; the balance of the $70,000 contract price was to be paid in two equal annual installments. A warranty deed was to be executed and delivered to the church upon final payment. On February 26, 1986, the church recorded a memorandum of land contract.

The church had earlier filed a petition for variance of use with the Metropolitan Board of Zoning Appeals for use of the existing building as a church and for construction of a new church. On April 15, the Board of Zoning Appeals held a hearing on the petition for variance. The church orally amended the petition to delete the request for approval of construction of the new church. The Board of Zoning Appeals granted the variance.

In the meantime, the Marion County Board of Review rejected the church's property tax exemption claim. The church appealed to the State Board, which held a hearing on March 24, 1987. The hearing officer recommended that the State Board grant the exemption under IC 6–1.1–10–16. The State Board rejected the recommendation and denied the exemption claim because the property was not owned by the church on the assessment date as required by IC 6–1.1–10–16. The State Board did not address the applicability of IC 6–1.1–10–21.

Four issues are presented for the court's consideration:

1) Does property held under a land contract constitute property held in trust for the purpose of IC 6–1.1–10–21;

2) Does the purchaser's equity in a land contract constitute ownership for the purpose of exempting the buildings from taxation under IC 6–1.1–10–16(a);

3) Did the church present sufficient evidence of its intent to purchase land for the purpose of erecting a building to qualify for exemption for land under IC 6–1.1–10–16(d)(1); and

4) Does the church qualify for an exemption for land under IC 6–1.1–10–16(d).

## ISSUE ONE

█ The church maintains that it qualifies for exemption of its land and buildings under IC 6–1.1–10–21(a), which provides:

The following tangible property is exempt from property taxation if it is owned by, or held in trust for the use of, a church or religious society:

(1) a building which is used for religious worship;

(2) buildings that are used as parsonages;

(3) the pews and furniture contained within a building which is used for religious worship; and

(4) the land, not exceeding fifteen (15) acres, upon which a building described in this section is situated.

The question is whether property held under a land contract constitutes property held in trust for the purpose of qualifying for exemption under IC 6–1.1–10–21(a).

The church argues that the property is held in trust because a vendor of a land contract is said to hold legal title to the property in trust for the purchaser, who is the equitable owner. *Knapp v. Ellyson Realty Co.* (1937), 211 Ind. 180, 5 N.E.2d 973, 974; *Kimberlin v. Templeton* (1913), 55 Ind.App. 155, 102 N.E. 160, 162; *Jordon v. Johnson* (1912), 50 Ind.App. 213, 98 N.E. 143. The State Board has not favored the court with any argument on this issue.

Exemption statutes must be strictly construed. *Indiana Ass'n of Seventh–Day Adventists v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 936, 938. For this reason, the court concludes that the church does not qualify for the exemption under IC 6–1.1–10–21.

Although the cases cited by the church hold that a vendor holds legal title "in trust" for a purchaser, the land sale contract does not constitute a trust in the technical sense of the word. "It is a strained construction of an ordinary land contract to say that either [vendor] or [purchaser] actually intended that during the course of the execution of the contract either party was to be a trustee for the other." BOGERT, TRUSTS & TRUSTEES § 18 (rev. 2d ed. 1984). "The relation between the vendor and purchaser, unlike that between trustee and beneficiary, is not a fiduciary one; it is more nearly analogous to a mortgage." RESTATEMENT (SECOND) OF TRUSTS § 13 (1959). *See Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641, 646–48 ("The Court, in effect, views a conditional land contract as a sale with a security interest in the form of legal title reserved by vendor. Realistically, vendor-vendee should be viewed as mortgagee-mortgagor. To conceive of the relationship in different terms is to pay homage to form over substance.").

In *Pizzagalli Construction Co. v. Vermont Department of Taxes* (1971), 132 Vt. 496, 321 A.2d 437, the Supreme Court of Vermont held that housing units, which were constructed by the taxpayer for public housing authorities under turnkey contracts, were not "held in trust" for housing authorities within the meaning of a statute exempting from sales and use tax sales of building materials used in the construction of buildings held in trust for the benefit of a state governmental agency. Under the turnkey contracts, the taxpayer constructed the housing units. Legal title was conveyed to the housing authorities upon completion of the units. The court stated:

[C]ases from many jurisdictions . . . speak of a vendor under a contract of sale of realty as holding title in trust for the [purchaser] until conveyance, particularly where the sales contract is specifically enforceable. Such language is, however, generally descriptive rather than definitive. If not specifically enforceable, and construction contracts in general are not, the [purchaser] acquires no interest in the property before conveyance. If specifically enforceable, the [purchaser] acquires an equitable interest but the relation is not a trust. There is no fiduciary relation, and the transaction more closely resembles a mortgage. The vendor has no duty of disclosure, has the right of beneficial enjoyment until conveyance, and may sell subject to his contract. The property here in question was not 'held in trust' for an exempt entity within the meaning of the exemption statute. *Id.* at

440–41 (citations omitted). *Accord Northgate Constr. Co. v. State Tax Comm'n* (1979), 377 Mass. 205, 385 N.E. 2d 967.

The reasoning of the Vermont Supreme Court is persuasive. The vendors do not hold the property in trust for the church within the meaning of IC 6–1.1–10–21(a) because their relation is contractual rather than fiduciary.

## ISSUE TWO

■ Next the church contends that the buildings are exempt under IC 6–1.1–10–16(a), which states:

All or part of a building is exempt from property taxation if it is owned, occupied, and used by a person for educational, literary, scientific, religious, or charitable purposes.

The State Board concedes that the property is occupied and used for religious purposes, but contends that the property is not owned by the church since legal title is held by the vendor. The church contends that its equity in the property is sufficient ownership to entitle it to the exemption under the statute. The church's argument makes sense and is consistent with the majority of jurisdictions. *See* 71 AM. JUR.2D *State & Local Taxation* § 866 (1973) and cases cited therein; 84 C.J.S. *Taxation* § 282 (1954) and cases cited therein; Annotation, *Equitable Title Under Executory Contract for Purchase of Real Property As Sustaining Exemption From Taxation,* 156 A.L.R. 1801 (1945); Annotation, *Tax Exemption Of Real Property As Affected By Time of Acquisition Of Title By Private Owner Entitled To Exemption,* 54 A.L. R.2d 996 at § 7 (1957). However, there is a statute in effect in this state which governs the issue. IC 6–1.1–1–9 provides in part:

(a) For purposes of this article, the "owner" of tangible property shall be determined by using the rules contained in the section.

(b) Except as otherwise provided in this section, the holder of the legal title to personal property, or the legal title in fee to real property, is the owner of that property.

The vendor, who holds legal title to the property, is the owner under IC 6–1.1–10–16(a). *See Hawkins v. Marion County Bd. of Review* (1979), 182 Ind.App. 205, 394 N.E.2d 957. The State Board's determination is correct; the church is therefore not entitled to the exemption for its buildings under IC 6–1.1–10–16(a). The same definition applies to "owned by" in IC 6–1.1–10–21.

## ISSUE THREE

The church contends that the land is exempt under IC 6–1.1–10–16(d), which states:

A tract of land is exempt from property taxation if:

(1) it is purchased for the purpose of erecting a building which is to be owned, occupied, and used in such a manner that the building will be exempt under subsection (a) or (b) of this section; and

(2) the tract does not exceed forty (40) acres.

The State Board argues that the church's amendment of its petition before the Zoning Board for construction of the new church disqualifies the church from claiming the exemption.

The contract between the vendor and the church states that the property was sold "for the purpose of erecting a building(s) to be owned, occupied and used for religious, educational, and charitable purposes." The church has consistently asserted its intention to build a new church. The church withdrew the petition for construction variance intending to delay the project until the land contract was paid off. The record does not support the State Board's contention that the church abandoned its plans for the new church.

## ISSUE FOUR

■ The last question is whether the church is entitled to an exemption for land within the meaning of IC 6–1.1–10–16(d). IC 6–1.1–10–16(d) requires that the property be *"purchased* for the purpose of erecting a building which is *to be owned, occupied, and used* [for religious purposes]."

(Emphasis added). "Purchase" is not defined in the statute. Words not statutorily defined are generally interpreted in their ordinary, everyday sense. *Indiana Dep't of State Revenue v. Estate of Smith* (1984), Ind.App., 460 N.E.2d 1263, 1265.

"In the ordinary and popular acceptation, 'purchase' is the transfer or transmission of property from one person to another by voluntary act and agreement, founded on a valuable consideration...." 73B C.J.S. *Purchase* (1983). To "purchase" also commonly means "to own by paying or by promising to pay an agreed price which is enforceable at law." *Id.; First Nat'l Bank & Trust Co. v. United States* (10th Cir.1972), 462 F.2d 908, 910 ("Purchase" occurred when taxpayer-purchaser and vendor entered land sale contract, not when possession and deed to property were later transferred). Here the church has shown that it purchased the property for the purpose of erecting a building which will be owned, occupied and used for religious purposes. The tract does not exceed forty acres. The statute does not require the church to hold legal title to have "purchased" property. The church is therefore entitled to an exemption for land under IC 6–1.1–10–16(d).

Accordingly, this cause is remanded to the State Board for further action consistent with this opinion.